UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROY DEN HOLLANDER,

               Plaintiff,

**ORDER**
**10-CV-1713 (NGG) (CLP)**

-against-

JUDGE FREDERIC BLOCK, in his official
capacity,

               Defendant.
------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Roy Den Hollander ("Hollander"), an attorney proceeding pro se, brings this action against Defendant United States District Judge Frederic Block. (See Compl. (Docket Entry # 1).) Hollander paid the statutory filing fee to commence this action. (Docket Entry # 3.) For the reasons set forth below, the complaint is dismissed.[1]

Hollander's claims arise from a previous action that he filed in this district. See Hollander v. Donovan, 08-CV-4045 (FB). On March 11, 2010, Judge Block dismissed that action in its entirety. (Id., Docket Entry # 56.) Hollander alleges, inter alia, that "Judge Block, in his official capacity, retaliated against [him]" and "did not rule on the facts, did not rule on the law but rather in accordance with the ideology of the Feminist establishment." (Compl. ¶¶ 4, 32.) Plaintiff further states that "Judge Block's decision is just one of many in a current trend by judicial decisions across this land in both state and federal courts that skew the law so as to coerce into silence any criticism of ideological Feminism and political correctness." (Compl. ¶ 34.) Hollander also asserts that, throughout the proceedings, Judge Block was insufficiently receptive to his arguments. (Compl. ¶¶ 15-18, 20-23, 25, 30-32.) He seeks "nominal damages of

---

[1] Although Hollander is an attorney, the court construes his pleadings liberally because he is proceeding pro se. See Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009).

one dollar" and "a declaratory judgment that Judge Block, acting in his official capacity, violated the plaintiff's First Amendment right to freedom of speech." (Compl. ¶ 36, 37.)

A district court may dismiss a frivolous complaint sua sponte even where a plaintiff has paid the filing fee. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000); Mallard v. United States District Court, 490 U.S. 296, 307-08 (1989). "A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (quoting Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989)); see also George v. Park, No. 07-CV-3546 (BMC), 2007 U.S. Dist. LEXIS 70228, at *3 (E.D.N.Y. Sept. 20, 2007).

Judges have absolute immunity for acts performed in their judicial capacities. Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994); Mireles v. Waco, 502 U.S. 9, 11 (1991). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles, 502 U.S. at 11. "[J]udicial immunity is not overcome by allegations of bad faith or malice" and a judge cannot "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Id. at 11, 13. Where a judge acts in a judicial capacity, immunity can only be overcome if he acts "in the complete absence of all jurisdiction." Id. at 12. All of Hollander's allegations concern actions that Judge Block took in a judicial capacity and within his jurisdiction. Judge Block is entitled to absolute immunity.

Plaintiff's complaint is dismissed as frivolous. The Clerk of the Court is respectfully directed to enter judgment accordingly and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
April 29, 2010

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge