## ROY DEN HOLLANDER
### Attorney at Law

545 East 14th Street, 10D　　　　　　　　　　　　　　　　　　Tel: (917) 687-0652
New York, N.Y. 10009　　　　　　　　　　　　　　　　　　　rdhhh@yahoo.com

May 5, 2010

Hon. Nicholas G. Garaufis
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

### Roy Den Hollander v. Judge Frederic Block, No. 10 CV 1713 (NGG)(CLP)

Dear Judge Garaufis:

　　In accordance with your Rules of Practice, III(A)(2), this is a request for a pre-motion conference on a motion for leave of the Court to amend the complaint under Fed. R. Civ. P. 15(a)(2).

　　Your Honor dismissed the complaint as frivolous because "[j]udges have absolute immunity for acts performed in their judicial capacities. *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994)." While Judge Block is the named plaintiff, the real party in interest is, and has always been, the United States of America:

> "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Brandon v. Holt*, 469 U.S. 464, 471-471 (1985). It is *not* a suit against the official personally, for the real party in interest is the entity." *Ky. v. Graham*, 473 U.S. 159, 166 (1985)(emphasis in the original).

The U.S. Attorney for the Eastern District was served with the complaint and summons on April 16, 2010. In *Falls Riverway Realty, Inc. v. City of Niagara Falls, N.Y.*, 754 F.2d 49, 52 n. 1 (2d Cir. 1985), the Second Circuit stated, "[a] suit for damages against [a government official] in his official capacity is equivalent to a suit against the [government]."

　　"The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter. *E. g., Dugan v. Rank*, 372 U.S. 609 (1963); *Malone v. Bowdoin*, 369 U.S. 643 (1962); *Larson v. Domestic & Foreign Corp.*, 373 U.S. 682 (1949)." *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963). Here the complaint requests (1) a declaratory judgment that a federal judge in his official capacity violated a citizen's right to free speech and (2) the disposition of property, one dollar, admittedly belonging to the United States.

While the U.S. Government generally has sovereign immunity, it does not apply when official action is unconstitutional. Because the "sovereign can only act through agents," *Larson v. Domestic & Foreign Corp.*, 373 U.S. at 688, sovereign immunity does not bar an action when an official acting within the scope of his authority does so unconstitutionally. *Dalton v. Specter*, 511 U.S. 462, 472 (1994). Judge Block was acting within the scope of his authority when he allegedly infringed or punished the plaintiff for exercising his First Amendment free speech right outside of court.

There is some authority, however, that even when an exception to sovereign immunity applies, a court should not grant relief when the relief would place an intolerable burden on government functions that outweigh any private harm. *De Lao v. Califano*, 560 F.2d 1384, 1391 (9th Cir. 1977); *State of Washington v. Udall*, 417 F.2d 1310, 1317 (9th Cir. 1969).

In this case, the plaintiff's request for a declaratory judgment will not interfere with the functioning of the U.S. Government or require any affirmative action on its part, so there is no intolerable burden that may result from a declaratory judgment. *See Association of Northwest Steelheaders v. United States Army,* 485 F.2d 67, 69-70 (9th Cir. 1973)(request for declaration not intolerable burden). Further, the imposition of a one dollar damage award will also not create an intolerable burden on the United States. The plaintiff, however, as alleged, has been punished for exercising his free speech outside of the courthouse—a significant harm when considering the purported values of the nation in which we live.

In order to make clearer that this case is against the United States of America, the plaintiff requests leave to amend the original complaint so as to explicitly state that the United States of America is the real party in interest defendant.

A copy of the amended complaint is enclosed.

Thank you for your attention.

                                                              Sincerely,

                                                               /S/

                                                            Roy Den Hollander

CC:    Benton J. Campbell, Esq.
          U.S. Attorney for the Eastern District
          271 Cadman Plaza East
          Brooklyn, N.Y. 11201